**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Steven Matwyuk, | No. CV-18-08299-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. Petitioner filed objections and Respondents responded to the objections. Petitioner moved to strike Respondents' response to his objections, but since such response is specifically authorized by Local Rule Civil 72(b)(2), the motion to strike will be denied.

## I.    Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

However, global or general objections are insufficient to cause the Court to engage in a de novo review of an R&R. *See Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) ("'When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a de novo review.' Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection. *See Mario v. P & C Food Markets*, Inc., 313 F.3d 758, 766 (2d Cir. 2002).").

Here, Petitioner has filed both global objections and specific objections. (*See e.g.* Doc. 18 (Petitioner's objections) at 1 ("Petitioner objects to all adverse rulings in the report and recommendation…."); Doc. 23 (Respondents' response to Petitioner's objections) (noting that Petitioner starts each section of his objections by objecting to all conclusions of the Magistrate Judge and responding to only the specific objections)). For the reasons stated above, this Court will not consider the global objections. The specific objections are considered, de novo, below.

## II.    Review of State Court Decision

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must

1  deny the Petition on those claims unless "a state court decision is contrary to, or involved

2  an unreasonable application of, clearly established Federal law" or was based on an

3  unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

4  Further, this Court must presume the correctness of the state court's factual findings

5  regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1).  Additionally, "[a]n application for

6  a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

7  applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. §

8  2254(b)(2).

9  **III.   Factual Background**

10          The R&R recounts the factual and procedural history of this case, as well as the

11  governing law, at pages 2–19.  (Doc. 17 at 2-19).  Neither party objected to this portion of

12  the R&R and the Court hereby accepts and adopts it.

13  **IV.   Claims in the Petition**

14          Petitioner raises 6 grounds for relief in his Petition.  Petitioner also mentions "actual

15  innocence" in his objections.  (Doc. 18 at 2).  However, Petitioner make no factual

16  argument in this regard, and it is unclear whether he is asserting it solely as a basis to

17  overcome his procedural default of ground 1.  Regardless, because Petitioner makes no

18  substantive argument regarding actual innocence, this objection is overruled.

19          **A.   Ground 1**

20          In his first ground for relief, Petitioner claims his right to self-representation was

21  not honored.  (Doc. 17 at 19).  The R&R concluded that this claim was procedurally

22  defaulted at the state court, without excuse.  (Doc. 17 at 19-21).  Additionally, the R&R

23  determined the claim was without merit.  (*Id.*).  On the merits, the R&R concludes that

24  Petitioner never unequivocally advised the state trial court that he wished to represent

25  himself; and even if he did, he later abandoned that request when he requested new counsel.

26  (*Id.*).

27          Petitioner objects and argues he requested to represent himself.  (Doc. 18 at 3).  All

28                                                  - 3 -

1   evidence pointed to by Petitioner shows that he requested to see the judge, but not that he

2   requested self-representation.  (*Id.*; *see also* Doc. 23 at 2-3).  Moreover, the R&R is correct

3   that after those requests to see the judge, Petitioner specifically requested new counsel

4   thereby abandoning any possible request for self-representation.  (Doc. 17 at 19-21).

5        Accordingly, while the Court agrees this claim is procedurally defaulted without

6   excuse, the Court nonetheless denies relief on the merits.  *See* 28 U.S.C. § 2254(b)(2)

7   (allowing the Court to deny habeas relief on the merits notwithstanding Petitioner's failure

8   to exhaust the claim).  Thus, Petitioner's objections are overruled and the R&R is accepted

9   on Ground 1.

10       **B.    Ground 2**

11       Ground 2 centers on Petitioner's belief that the prosecutor elicited testimony that

12   was excluded via a motion in limine. (Doc. 17 at 22-25). Petitioner argues that eliciting

13   this testimony was prosecutorial misconduct, and that his trial attorney was ineffective for

14   not objecting to the testimony and that his appellate attorney was ineffective for not raising

15   this issue on appeal.  (*Id.*).

16       As the R&R recounts, the in limine order precluded the victim from testifying that

17   she believed that *Petitioner* had stolen her purse from inside her residence previously.  (*Id.*

18   at 22).  The victim testified that she had a chair propped under the door in her residence on

19   the night in question because her purse had previously been stolen.  (*Id.*).  The prosecutor

20   did not elicit, and the victim did not offer, any testimony that the purse was stolen *by*

21   *Petitioner*.  The state court, in interpreting its own order, held that the testimony did not

22   violate the in limine order.  (*Id.*).  In his objections, Petitioner persists in arguing that as a

23   matter of fact the in limine order was violated by this testimony.  (Doc. 18 at 4-5).

24       Consistent with the R&R, this Court finds that the state court's determination that

25   its in limine order was not violated was not an unreasonable determination of the facts.

26   (Doc. 17 at 22).  The Court also accepts the R&R's conclusion that the law was not clearly

27   established. (Doc. 17 at 24).  Finally, the Court accepts the R&R's conclusion that because

28                                    - 4 -

the in limine order was not violated, there was no prosecutorial misconduct for eliciting the testimony, nor ineffective assistance of trial or appellate counsel for not objecting to the testimony.  (Doc. 17 at 25).  Accordingly, Petitioner's objections are overruled and relief on Ground 2 is denied.

### C.      Ground 3

In Ground 3, Petitioner claims his trial lawyer was ineffective for not investigating Petitioner's allegations that the victims in his case made threats against him on Facebook a week before the incident in question.  (Doc. 18 at 7).  Petitioner claims such an investigation could have aided his self-defense theory of the case.  (*Id.*).

The R&R concludes there was neither deficient performance nor prejudice under *Strickland*, (Doc. 17 at 25-27), and that the state court's determination in this regard was not contrary to or an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts (*Id*. at 27).  Regarding deficient performance, as the R&R notes, *Strickland* cannot be satisfied by "vague and conclusory allegations that some unspecified and speculative testimony might have established a defense."  (Doc. 17 at 26 (citations omitted)).

Here, Petitioner cannot show deficient performance because he did not testify to establish self-defense.  Further, A.R.S. § 13-404(A), the self-defense statute, requires an immediate threat.  (Doc. 23 at 5).  Thus, even if Petitioner's counsel had investigated a week-old Facebook chat, it would not have been relevant to an "immediate" self-defense claim.  Finally, Petitioner cannot show prejudice because four eyewitnesses testified inconsistently with his current self-defense claim.  (Doc. 17 at 27).

Thus, the Court agrees with the R&R's conclusions.  Petitioner's objections are overruled and relief on Ground 3 is denied.

### D.      Ground 4

In Ground 4 Petitioner claims he received ineffective assistance of counsel in that his counsel gave him inadequate advice on whether he should take the plea agreement.

1   Both the state court and R&R concluded that Petitioner did not receive inadequate advice

2   at the plea negotiation stage because, although Petitioner claims he did not understand the

3   range of the plea agreement by claiming that he did not know the plea offered was for 5-

4   15 years, in fact the plea offered was for 15-45 years.  (Doc. 17 at 28).  Thus, Petitioner's

5   claim that he would have taken a plea of 5-15 years is irrelevant because no plea of 5-15

6   years was ever offered by the State.  Accordingly, his counsel could not be ineffective for

7   failing to advise him of something that never existed.  Thus, the state court's decision on

8   this issue was not contrary to or an unreasonable application of clearly established federal

9   law or an unreasonable determination of the facts.  (*See* Doc. 17 at 28-29).

10          In his objections, Petitioner asserts that he was not advised of a plea to a stipulated

11   sentence of 12 years (Doc. 18 at 9); but again, there is no evidence in the record that a 12-

12   year stipulated sentence plea was ever offered by the State.  Additionally, in Petitioner's

13   Arizona Rule 11 examinations, Petitioner admitted that he understood that the pending plea

14   offer was for a minimum of 15 years (Doc. 17 at 28), which undercuts any argument he

15   makes now that his counsel did not explain it to him.  Thus, Petitioner's objections are

16   overruled on his claim that his counsel did not explain the plea offer to him.

17          Finally, Petitioner believes he was denied his "right" to a *Donald* hearing.  (Doc. 18

18   at 10).

19              A *Donald* hearing is a pre-trial hearing where a defendant is informed of any
             outstanding plea offer and the consequences of conviction so that a record of
20           the defendant's rejection of the plea offer can be made to guard against any
             "late, frivolous, or fabricated claims" of ineffective assistance of counsel
21           "after a trial leading to conviction with resulting harsh consequences."
             *Missouri v. Frye*, 566 U.S. 134, 14 (2012).

22   *State v. Mendoza*, 248 Ariz. 6, 455 P.3d 705, 715, ¶ 18 (Ct. App. 2019).  The Court of

23   Appeals explained further in an unpublished, non-binding decision:

24              The purpose of a *Donald* hearing is to establish whether a defendant has
             suffered a constitutional injury by losing a favorable plea bargain as a result
25           of ineffective assistance of counsel. *Donald*, 198 Ariz. at 418, ¶ 46, [].…
             Because there is no evidence that counsel failed to adequately communicate
26           a plea offer or the consequences of a conviction to Defendant, the court did
             not err[] in failing to hold a *Donald* hearing.

27

28                                                      - 6 -

*State v. Svanoe*, No. 1 CA-CR 08-0942, 2009 WL 5149956, at *5 ¶ 28 (Ariz. Ct. App. Dec. 29, 2009).

If the State of Arizona had created a right to a *Donald* hearing, the failure to hold one for Petitioner would have been an error of state law that is not cognizable as a federal habeas claim. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Moreover, as the foregoing cases illustrate, applying state law, there is no "right" to a *Donald* hearing in every case. Therefore, Petitioner's objection that he was denied his *Donald* hearing is overruled.

Based on all of the foregoing, the Court agrees with the R&R that the state court's decision that Petitioner's counsel was not ineffective for allegedly not communicating the plea agreement to him was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts. (*See* Doc. 17 at 28-29). Accordingly, Petitioner's objections on Ground 4 are overruled and relief on this claim is denied.

### E.   Ground 5

In ground 5, Petitioner claims that even if no one error entitles him to relief, the errors alleged in grounds 2, 3, and 4, cumulatively, should entitle him to relief. (Doc. 18 at 12). Petitioner raised this claim in state court, and the state court concluded that "the cumulative effect of multiple zeros is still zero." (Doc. 17 at 30 quoting Doc. 11-2 at 8). The R&R found that the state court's decision was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts. (Doc. 17 at 30). This Court agrees that based on the foregoing, there were no errors; accordingly, there are no errors to cumulate.

Petitioner objects, but again re-argues the same errors in grounds 2, 3, and 4. (Doc. 18 at 12). Based on the foregoing, this objection is overruled. Relief on ground 5 is denied.

### F.   Ground 6

Finally, Petitioner alleges in ground 6 that the police had a conflict of interest and that their failure to handle that conflict of interest in a particular way was a policy violation.

(Doc. 17 at 31).   Additionally, Petitioner argues that his counsel was ineffective for not objecting regarding this alleged conflict.  (*Id*.).  Specifically, Petitioner argues that one of the investigating officers was a cousin of two of the victims.  (*Id*.).  The state court rejected this claim for 3 reasons: 1) there was no evidence the officer was actually a cousin to two of the victims; 2) even if the officer was a cousin to two of the victims, there was no evidence that there was a policy that was violated; and 3) even if one and two were true, there was no prejudice because Petitioner's conviction was based on the 4 eyewitnesses' testimony.  (Doc. 17 at 31-32).  The R&R concluded that all of these reasons were not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  (*Id*.).

With regard to reason one, Petitioner objects and argues he has proof that the officer was related to two of the victims.  (Doc. 18 at 13).  Petitioner cites Doc. 15 at page 70, which is an email from the officer.  The officer states, "I have no idea if they are actually cousins of mine or not…[I have] never met or spoken with [victim 1] or [victim 2] prior to the case and was unaware of any familial relationship if there is one."  As a matter of fact, the Court overrules Petitioner's objection claiming that this email is proof that the officer was related to the victims.  Accordingly, the state court's finding on reason one was not an unreasonable determination of the facts.

With regard to reason two, Petitioner still fails to cite to any policy of the police department that would be implicated in this situation (assume there was a relationship).  In his objections, Petitioner argues that the same conflict of interest rules that apply to attorneys should apply to police officers.  (Doc. 18 at 14).  Regardless of what Petitioner thinks should be true, the attorney conflict of interest rules do not apply to police officers.  Therefore, the state court's determination that even if the officer was related to two of the victims, that did not create an error in Petitioner's trial nor was his attorney ineffective for not raising this issue was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

- 8 -

With regard to reason three, Petitioner makes no objection.  The Court finds that the state court's third reason for denying ground six was not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

Based on the foregoing, Petitioner's objections to the R&R on ground 6 are overruled.  Relief on this claim is denied.

**V.  Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to strike (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 17) is accepted and adopted; the objections (Doc. 18) are overruled; the Clerk of the Court shall enter judgment denying the Petition, with prejudice.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

Dated this 5th day of June, 2020.

James A. Teilborg
Senior United States District Judge